J-S15008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MANUEL ORTIZ | |
| Appellant | No. 1516 MDA 2014 |

Appeal from the PCRA Order August 11, 2014
In the Court of Common Pleas of Lancaster County
Criminal Division at No(s): CP-36-CR-0003548-1994

BEFORE:  LAZARUS, J., WECHT, J., and JENKINS, J.

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED MARCH 30, 2016**

Manuel Ortiz filed a petition for allowance of appeal with our Supreme Court from our judgment order, which affirmed the trial court's order denying his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  The Supreme Court of Pennsylvania remanded for further proceedings consistent with ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016).  Accordingly, we reverse and remand for resentencing.

On July 10, 1995, Ortiz was sentenced to life imprisonment without the possibility of parole for second-degree murder and an additional 5 to 10 years' imprisonment for robbery and criminal conspiracy.  Ortiz was sixteen years old at the time he committed the underlying offenses.  On direct appeal, this Court affirmed Ortiz's judgment of sentence.  Thereafter, Ortiz filed PCRA petitions in 1997, 2001, 2006 and 2010, all of which the PCRA

court denied. On August 20, 2012, Ortiz filed a fifth PCRA petition claiming that he was entitled to relief pursuant to **Miller v. Alabama**, 132 S. Ct. 2455 (2012), which held that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." **Id.** at 2469. The PCRA court denied Ortiz' fifth petition, concluding that it was untimely filed under the PCRA, and accordingly, the court lacked jurisdiction to consider it. Ortiz filed an appeal; our Court affirmed the denial of PCRA relief on April 29, 2015, concluding that **Miller** does not apply retroactively to cases on collateral appeal. **See Commonwealth v. Cunningham**, 81 A.3d 1 (Pa. 2013) (holding constitutional right announced in **Miller** is not retroactively applicable to cases on collateral appeal).

On May 28, 2015, Ortiz petitioned our Supreme Court for allowance of appeal. On February 17, 2016, the Pennsylvania Supreme Court vacated our Court's disposition and remanded this matter to this Court for further proceedings consistent with **Montgomery**.

After the United States Supreme Court's holding in **Montgomery**, **Cunningham**'s tenet that **Miller** cannot be applied retroactively is no longer good law in Pennsylvania. **See Commonwealth v. Secreti**, 2016 PA Super 28 (Pa. Super. 2016) (interpreting **Montgomery** as making retroactivity under **Miller** effective as of the date of the **Miller** decision).

Here, the trial court sentenced Ortiz, who was a juvenile at the time of the offense, to a mandatory sentence of life imprisonment without the

possibility of parole. In light the prohibition against cruel and unusual punishment, **see** U.S. Const. amend. VIII, and the Court's recent retroactive application of **Miller** in **Montgomery**, we reverse the trial court's order and remand for resentencing.

Order reversed. Remanded for resentencing. Jurisdiction relinquished.

Judge Wecht did not participate in the consideration or decision of this Judgment Order.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/30/2016